CHARLES W. AVERY AND OTHERS, RESPONDENTS, *v.* ANTOINETTE WOODIN AND OTHERS, APPELLANTS.

*Practice — a party cannot appeal from a judgment entered upon his default — Code of Civil Procedure, sec.* 1294.

In this action for partition the defendant, Antoinette Woodin, who had, by an attorney, appeared, but had not answered, appeared before the referee appointed to take proof of the rights, shares and interests of the several parties and report thereon, objected to certain requests for findings made by the plaintiffs' counsel,. and thereafter appeared before the Special Term and was heard upon a motion to confirm the referee's report, which was thereafter confirmed by an interlocutory judgment which directed a sale. After a sale had been made a final judgment confirming the sale was entered, notice of the motion being served on the defendants, who had appeared. From this judgment the defendant Antoinette, who did not appear at the hearing of the motion to confirm the referee's report of sale, appealed.

*Held,* that the appeal should be dismissed as the final judgment was entered upon the default of the defendant, within the meaning of that term as used in section 1294 of the Code of Civil Procedure.

That a claim made by the appellant—that certain letters passing from the respondents' attorney to the counsel for the appellant, with respect to what papers should be printed to constitute the appeal book, were sufficient to obviate the objection — was unsound, as the consent of the parties would not confer jurisdiction upon this court to hear an appeal.

MOTION, by the plaintiffs and respondents, to dismiss the appeal " upon the ground that said appeal is taken from a judgment rendered or made by default, and is unauthorized, and upon the further ground that no case and exceptions has been made and filed."

In September, 1884, this action was commenced to obtain the actual partition, or, if that could not be had, the sale of certain lands described in the plaintiff's complaint. The complaint, after describing the premises sought to be partitioned, alleged, viz. : " That the plaintiff, Charles W. Avery, has an estate of inheritance therein of an undivided four-elevenths interest in the fee thereof; that the plaintiffs, Charles Burghart and Richard Burghart, own, jointly, an undivided one-eleventh interest in the fee thereof. * * * That the defendant, Jacob Burghart, owns a similar estate therein of an undivided three-elevenths interest in the fee thereof. That the defendant, Antoinette Woodin, owns a similar estate therein of an undivided one-eleventh interest in the fee thereof."

No answer has ever been served by the appellant. On the 30th of May, 1885, an order was granted at the Onondaga Special Term, whereby a referee was appointed " to take proof of the rights, shares and interests of the several parties in the property, of the several matters set forth in the complaint, and to ascertain and report the rights and interests of the several parties in the premises and an abstract of the conveyances by which the same are held." By that order it appears that all the defendants were adults, except Thomas McMahon, Jr., and Mary Estella McMahon, who were infants, for whom a guardian *ad litem* was appointed. The order also required the referee to inquire and report whether the whole premises, or any lot or separate parcel thereof, was so circumstanced that an actual partition could not be made, and as to whether there were any liens, " and also whether the undivided share or interest of any of the parties in the premises is subject to a general lien or incumbrance

by judgment or otherwise," etc. That order was made upon notice and upon a stipulation by the attorney for the defendants, said attorney having appeared for the present appellant, but having served no answer. On the 25th day of August, 1885, the referee made his report, in which he stated, viz.: "That having been attended by the attorneys for the several parties who appeared in the case, I proceeded to a hearing of the matters so referred. I further report that on such hearing I took proof of the several matters set forth in said complaint and find that the material facts therein alleged are true, and I further find and report that the following is an abstract of the conveyances by which the premises described in said complaint are held."

Further, "that the premises described in said complaint are so circumstanced that an actual partition thereof cannot be made without a great prejudice to the owners thereof," and in his report he stated the facts and reasons for such conclusions. It appears that the appellant was before the referee and objected to the referee's "finding, as requested by the plaintiffs," and asks the referee to find otherwise. On the 31st of October, 1885, the report was presented to the Onondaga Special Term, notice thereof having been given to the defendants who had appeared, and after an argument by the respective parties, the court pronounced an interlocutory order of judgment, wherein it was declared viz : "The plaintiff, Charles W. Avery, is seized of and entitled in fee to an undivided four-elevenths interest in said premises." Also "the defendant, Antoinette Woodin, is seized of and entitled to an undivided one-eleventh interest in the fee thereof."

It was further adjudged that the premises be sold by a referee and that a report be made of the sale and that the proceeds be distributed as in said order directed. At a Special Term held in Onondaga county on the 27th of March, 1886, after a notice to the attorney for the defendants who had appeared, an application was heard for confirmation of the report of such sale and for final judgment. There was no appearance at such Special Term in behalf of the defendant, and judgment was granted confirming the sale, and the referee was directed "to pay to the defendant, Antoinette Woodin, the sum of $143.31, being the amount of her share in the proceeds of said sale." The interlocutory judgment

was rendered January 28, 1886. The time to appeal therefrom expired March 30, 1886. No appeal was taken. Final judgment was taken by default, March 30, 1886, from which this appeal is taken with a notice of intention to review the interlocutory judgment.

*Avery & Merry*, for the motion.

*Louis Marshall*, opposed.

HARDIN, P. J.:

Section 522 of the Code of Civil Procedure provides " each material allegation of the complaint, not controverted by the answer * * * *must*, for the purposes of the action, be taken as true."

Section 1294 of the Code of Civil Procedure provides viz: " A party aggrieved may appeal in a case prescribed in this chapter, except where the judgment or order of which he complains was made upon his default."

In as much as no issue of fact was raised by the answer we think the complaint must be taken as true, in obedience to section 522, and we think, under section 1294, it must be held that the appellant was in default, and it was the duty of the Special Term to accept as true the allegations of the complaint which were admitted for the purposes of the action by the omission of the defendant to take issue in the modes prescribed by the Code for controverting the allegations of the complaint.

We think it has been settled by several adjudications that an appellant is not entitled to prosecute an appeal where he is in default. The interlocutory judgment follows the allegations of the complaint, and the final judgment carries forward the adjudications of the interlocutory judgment and completes the full adjudication of the rights of the parties. (*Goldsmith* v. *Goldsmith*, 11 Weekly Dig., 551.) In that case it was said, viz: " Where the defendant appears and does not answer, but files exceptions to the referee's report, and is heard on the application for judgment, no appeal lies from the judgment entered, the same being regarded as a judgment by default under section 1294 of the Code." The same doctrine seems to be declared by the case of *Flake* v. *Van Wagenen*, in 54 New York, at page 27. It is insisted on behalf of the appellant that

certain letters passing from the respondent's attorneys to the counsel for the appellant with respect to what papers should be printed to constitute the appeal book are sufficient to obviate the objection now made against the appeal. We think the position is unsound. Consent does not confer jurisdiction upon this court to hear an appeal. Our jurisdiction must be obtained by compliance with the provisions of law conferring appellate jurisdiction. Besides, we find in the letters of the respondent no clear intention to waive any legal rights, or to confer any power upon an appellate court to review the questions involved. We are of the opinion the motion should be granted and appeal dismissed with costs.

BOARDMAN and FOLLETT, JJ., concurred.

Motion granted, and appeal dismissed, with costs.